# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### Filed: July 25, 2017

| | |
|---|---|
| * * * * * * * * * * * * *<br>JAMES WOODWARD,　　　　　　*<br>　　　　　　　　　　　　　　*<br>　　　　　Petitioner,　　　　*<br>　　　　　　　　　　　　　　*<br>v.　　　　　　　　　　　　　*<br>　　　　　　　　　　　　　　*<br>SECRETARY OF HEALTH　　　　*<br>AND HUMAN SERVICES,　　　　*<br>　　　　　　　　　　　　　　*<br>　　　　　Respondent.　　　　*<br>　　　　　　　　　　　　　　*<br>* * * * * * * * * * * * * | UNPUBLISHED<br><br>Special Master Gowen<br><br>No. 15-1130V<br><br>Stipulation; Attorneys' Fees and Costs |

*Amber Diane Wilson,* Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 6, 2015, James Woodward ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of a tetanus-diphtheria-acellular pertussis ("TDaP") vaccine. On March 9, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. ECF No. 47.

On July 14, 2017, petitioner filed a motion for attorneys' fees and costs. ECF No. 52. Petitioner requests attorneys' fees in the amount of $28,387.00 and attorneys' costs in the amount of $1,406.34. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $29,793.34.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 25, 2017, respondent filed a response to petitioner's motion. ECF No. 53. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, with the exception of travel to meet with the client on February 4, 2016, being billed at full attorney rate. Generally, travel in the Program is billed at a half rate unless there is a showing that the attorney was doing legal work on the case while travelling. Based on the exhibits submitted, it appears counsel was driving to meet with petitioner and it is unlikely that she was doing legal work during that time. Therefore, the undersigned will reduce the two-hour billing by fifty percent.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $29,492.34[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Amber Diane Wilson.**

The Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.